UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>MARCELONE HUGHES,<br><br>             Debtor.<br> | Case No. 1:24-mc-00064-EPG<br><br>ORDER REQUIRING RESPONSE FROM PLAINTIFF TO DEBTOR'S REQUEST AND OBJECTIONS TO WRIT OF CONTINUING GARNISHMENT<br><br>ORDER DIRECTING THE CLERK OF COURT TO SERVE A COPY OF THIS ORDER ON DEBTOR AND GARNISHEE |
| CITY OF FRESNO,<br><br>             Garnishee. | |

On May 1, 2024, the United States file an application for a writ of continuing ("Application") pursuant to the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. § 3205(b)(1). (ECF No. 1). Plaintiff seeks garnishment of 25% of Debtor Marcelone Hughes' non-exempt disposable earnings held by Garnishee City of Fresno in furtherance of payment of a criminal restitution balance of $190,722.06, calculated as of May 1, 2024. (*Id.* at 1-2).

According to the Application, Debtor was sentenced in criminal case *United States v. Hughes*, 1:02-cr-05370-DAD-EPG, and ordered to pay a statutory assessment of $500, a fine of

$2,500, and restitution of $151,161.00. (*Id.* at 1). The terms of restitution were later modified, and Debtor was ordered to pay "monthly installments of 5% of his monthly net income or $150, whichever is greater." (*Id.* at 1-2 (citing *U.S. v. Hughes,* 1:02-cr-05370-DAD-EPG, ECF Nos. 161, 162)). Plaintiff asserts that "Debtor has not made any payments toward his debt since March 2023" and that Plaintiff sent Debtor a notice of default and demand for payment in full on November 9, 2023. (*Id.* at 2).

On May 2, 2024, the Clerk of Court executed a Writ of Continuing Garnishment that required the City of Fresno, as Debtor's employer and garnishee, to withhold 25% of Debtor's non-exempt disposable earnings until the Court issued a further order. (ECF No. 4 at 2). The Clerk of Court also issued a notice to Debtor that provided instructions and information about Plaintiff's Application. (ECF No. 3).

On May 2, 2024, Plaintiff filed poof of service that the Application, issued writ, and instructions was served on Garnishee. (ECF No. 2). On May 7, 2024, Plaintiff filed proof of service that the Application, issued writ, instructions, and Clerk's Notice to Debtor was served on Debtor. (ECF No. 5).

On May 13, 2024, the City of Fresno filed a document entitled "Acknowledgement of Service and Answer of Garnishee," which acknowledged receipt of the Application and provided information about Debtor's gross pay, mandatory withholdings, and interest in an employee sponsored retirement plan. (ECF No. 6).

On May 23, 2024, Debtor, appearing *pro se*, filed a request for a hearing and objections regarding Plaintiff's Application.[1] (ECF No. 7). Debtor asserts that he did not understand that he was to continue making monthly payments after his supervised release ended in March 2023 until

---

[1] Debtor also "asks to have counsel appointed in this matter, unless payment arrangements can be reached without further proceedings." (ECF No. 7 at 3). Although this action arises out of a criminal judgment, Plaintiff's application is for civil garnishment pursuant to the FDCPA. *See* 28 U.S.C. § 3001(a)(1). It is "well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1235 (9th Cir. 1996). Appointment of counsel may be designated only in "exceptional circumstances." *U.S. v. 292, 888.04 in U.S. Currency*, 54 F.3d 564 at 569 (9th Cir. 1995); 28 U.SC. § 1915(e)(1). At this time, the Court lacks sufficient information as to Debtor's likelihood of success on the merits such that justice requires the appointment of counsel. Moreover, it appears that the legal issues involved are not extremely complex, and that Debtor can adequately articulate his legal positions. Accordingly, the Court will deny Debtor's request for the appointment of counsel without prejudice.

Plaintiff's financial litigation contractor, Grace Nelson, informed him that he was delinquent in November 2023. (*Id.* at 4). Debtor states that he could not address the unpaid amount owed by the end of February 2024 due to increased living costs, including housing, transportation, food, fuel, and childcare. (*Id.*) Debtor also states that he "has waited to hear from the financial litigation contractor to see what arrangements could be made since he has not been able to make the payments in regard to the $1360.00 back payments." (*Id.*) Debtor objects to the Application as his failure to pay has not been deliberate and he did not know how to obtain help to "get back on track now that he understood his obligations." (*Id.*) Debtor requests that "the garnishment be removed, a calculation of his income and expenses be reviewed, and a new contract be implemented so that he can continue to make his monthly payments as he has prior to his termination of supervised release[.]" (*Id.* at 5). Debtor's objections also include an accounting of Debtor's monthly income and expenses and supporting exhibits. (*Id.* at 5, 8-34).

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff shall file a written response to Debtor's filings by no later than June 4, 2024. Plaintiff shall serve its response on Debtor at his address of record and file proof of service with the Court.
2. The Court will set a hearing, as necessary, by separate order following review of Plaintiff's response.
3. Debtor's request for the appointment of counsel is denied without prejudice.
4. The Clerk of Court is directed to serve a copy of this order on Debtor and Garnishee as follows:
   a. Marcelone Hughes, 6665 N. Fresno Street, Apt. 223, Fresno, CA, 93710
   b. City of Fresno, Attn: Payroll, 2600 Fresno St., Rm. 2162, Fresno, CA, 93721.

IT IS SO ORDERED.

Dated:   **May 28, 2024**                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE